UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALEXANDER SURRY, JR. | CIVIL ACTION NO. 06-cv-0971 |
| VERSUS | JUDGE STAGG |
| WARDEN LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

A Caddo Parish jury convicted Alexander Surry, Jr. ("Petitioner") of possession of cocaine. Petitioner was adjudicated a habitual offender and sentenced to life in prison. He pursued a direct appeal and a post-conviction application. He then filed this federal habeas corpus petition. The petition originally presented three issues, but Petitioner has conceded that his claim of ineffective assistance counsel was not properly exhausted in the state courts before the filing of the federal petition, so that claim has been dismissed without prejudice. See Docs. 11 and 13. Petitioner's remaining claims are (1) prosecutorial misconduct during opening statements and closing arguments, and (2) violation of the Fifth Amendment when Petitioner was required to give his fingerprints at the multiple offender hearing. It is recommended, for the reasons that follow, that the petition be denied.

**Evidence at Trial**

Parole Officer Sherylyn Cone testified that she and some other officers went to the residence of Petitioner for a visit. Cone entered the carport and, through a window, could

see Petitioner inside the house. Petitioner was lying on a sofa bed. When Officer Shaver knocked on the door, Cone saw Petitioner get up and move toward the window where Cone was standing. Petitioner, as he approached the window, picked up a small white bottle with a red band. He walked to a bamboo or wicker-like chair directly under the window where Cone was standing, picked up a gray sweatshirt on the chair, put the bottle on the chair, and covered the bottle with the shirt. Petitioner then went to the front door and opened it. Officer Cone then went inside, lifted the shirt, and retrieved the white bottle.

The bottle was a white Tylenol pill bottle, and Officer Cone found a white rock of suspected crack cocaine inside it. She testified that she passed the bottle to Officer Shaver to observe, and Petitioner was arrested. Cone testified that she retrieved a field test kit from the car and then observed while Officer Shaver conducted the test. She saw that the results were positive for cocaine. Tr. 145-57.

Officer George Mize testified that he saw Officer Cone looking through the window for 15 to 20 seconds before the arrest was made. Tr. 157-61. Probation and Parole Officer Garland Turner testified that he saw Officer Cone pick up the bottle, open it, and remove what appeared to be crack cocaine. Tr. 161-65.

Probation and Parole Officer H. B. Shaver, a 24-year veteran, testified that he knocked on the door, and Petitioner let him inside. Officer Cone soon told Shaver that she saw Petitioner place a white pill bottle under a shirt. Shaver testified that Cone picked up the bottle, handed it to Shaver, and that Shaver himself opened the bottle and saw the suspected

cocaine. Shaver said that an Officer Cris Huen brought him the field test kit, and he administered the test. Tr. 165-76. Mr. Randle Robbilard, a forensic chemist, testified that the substance found in the pill bottle contained cocaine. Tr. 179-83.

Petitioner took the stand and admitted that Officer Cone had found the pill bottle in his house. He said that when she asked him about it, he denied that it was his or that he had any knowledge of it. Petitioner testified that he had never seen the bottle before. He added that his girlfriend lived in his residence and that "her people" would come over to the house when Petitioner was at work. Petitioner admitted two prior felony convictions for distribution of drugs. Tr. 185-91.

**Prosecutorial Misconduct**

The prosecutor began his opening statement with: "Ladies and gentlemen, cocaine destroys lives, cocaine destroys families, cocaine destroys communities, cocaine destroys this generation, tomorrow's generation, and generations yet to come." Tr. 142-43. The prosecutor began his closing argument by repeating most of that statement. Tr. 195. Petitioner objects to the "cocaine destroys lives" argument because it does not address an element of the crime and appeals to passion, sympathy, and prejudice.

The prosecutor then summarized the evidence against Petitioner, including the testimony of Officer Cone. He said that Officer Cone saw Petitioner put the bottle "in the chair, hurriedly throws something on top of it, in this case a piece of clothing in order to hide the contents, and the agents come in." Tr. 195-96. Petitioner objects to the argument that

he "hurriedly" placed the bottle in the chair on the grounds that no such facts are in the record.

The prosecutor discussed the testimony of Officer Shaver and said the jury heard "minor variations" regarding who opened the bottle and who brought the test kit. Tr. 196. Counsel later stated that the jury had "heard from four members of Probation and Parole who all state the same thing." He continued, stating "the simple fact is" Petitioner possessed cocaine at his residence in violation of the law. Tr. 198. Petitioner argues that these statements wrongfully underplay the discrepancies in the testimony of the officers.

In his conclusion, the prosecutor asked the jury to examine all the facts and testimony, and to consider the judge's instructions. He said there would then be "only one verdict that you may return and that is guilty as charged." He twice repeated the "only one verdict" argument, but each time he also asked the jury to look at the facts and applicable law. Tr. 198. Petitioner argues that these statements confused the jury, considering the contradictions between the testimony of Officer Shaver and Officer Cone, which Petitioner urges cast doubt on the verdict.

Petitioner presented this argument in his post-conviction application. The trial court judge noted the considerable latitude that the law affords an attorney in argument, as well as the rule that a conviction will not be reversed for improper argument unless the court is convinced the remarks influenced the jury and contributed to the verdict. The court found that Petitioner failed to show that the statements exceeded the latitude afforded the

prosecution or that the argument contributed to the verdict. Tr. 504-05. The state appellate court held that the trial court did not err with respect to this issue. Assuming any of the argument was inappropriate, the court stated, Petitioner did not show how the comments influenced the verdict, as four officers testified that cocaine was found in Petitioner's residence. Tr. 510.

Improper jury argument by the state does not provide a basis for habeas relief unless the argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 106 S.Ct. 2464, 2471 (1986). The petitioner must also demonstrate prejudice by showing that the misconduct was so persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks. Jones v. Butler, 864 F.2d 348, 356 (5th Cir. 1988); Turner v. Johnson, 106 F.3d 1178, 1188 n. 46 (5th Cir. 1997). This claim was adjudicated on the merits by the state courts, so this court is not reviewing it de novo. Federal habeas relief is available only if the state court's decision was not only incorrect but was also an objectively unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003).

The state court's adjudication of this issue was quite reasonable under the guiding precedent. There may not have been testimony that used the very words that Petitioner "hurriedly" placed the shirt on top of the pill bottle, but the events did happen within

seconds, and the speed with which they occurred was not important. The same is true with respect to who opened the pill bottle and who brought the test kit. There was some discrepancy about those details, which the prosecutor did not deny. He merely argued that they were not important because the fact remained that all the officers agree that cocaine was found in Petitioner's house, and Officer Cone testified that Petitioner had directly possessed the contraband. If all the challenged statements had not been included in the argument, there is no reasonable likelihood that Petitioner would have been acquitted, so there is no prejudice. Habeas relief is not warranted.

**Self-Incrimination**

At the multiple offender hearing, Petitioner was fingerprinted in court. Those prints were then compared to fingerprints on the charging instruments from Petitioner's prior felonies. Sgt. Owen McDonnell testified that the fingerprints all belonged to Petitioner. Tr. 212-16.

Petitioner did not object to his fingerprints being taken, but he argued in his post-conviction application that requiring him to provide his fingerprints violated his Fifth Amendment right against self-incrimination. The trial court rejected the claim for lack of a contemporaneous objection. Tr. 507. The state appellate court rejected the claim on the merits, with a citation to State v. House, 320 So.2d 181 (La. 1975), which rejected an identical claim. The House holding is consistent with federal precedent such as Schmerber v. California, 86 S.Ct. 1826 (1966) (drawing blood did not constitute testimonial

self-incrimination) and U.S. v. Dionisio, 93 S.Ct. 764 (1973) (compelled production of voice exemplars did not violate the Fifth Amendment). Those cases reasoned that the compelled display of identifiable physical characteristics does not infringe an interest protected by the privilege against compulsory self-incrimination. Schmerber specifically noted that federal and state courts had already held that the privilege affords no protection against compulsion to submit to fingerprinting. 86 S.Ct. at 1832. Petitioner has not shown that the state court's adjudication of this issue was an objectively unreasonable application of clearly established federal law as announced by the Supreme Court, so habeas relief is not permitted.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE